## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**TONEY LOWERY,**

        **Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

        **Defendant.**

**Case No. 15-4972-DDC-KGS**

## MEMORANDUM AND ORDER

Plaintiff Toney Lowery filed a Petition in the District Court of Geary County, Kansas, against Dr. James Shauberger asserting sexual assault, battery, and outrage claims. Doc. 1-1. Defendant United States of America removed the action asserting that, at all times relevant to the Petition, Dr. Shauberger was an employee of the government and acting within the course and scope of his employment. Doc. 1 at 2. It asserted that the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679, (commonly called the Westfall Act) grants immunity to federal employees acting within the scope of their employment from suits under state law, and requires substitution of the United States for the employee as the party defendant. *Id.* at 1–2. It also submitted a Certification by the United States Attorney that Dr. Shauberger was acting within the scope of his employment with the United States at the time of the conduct alleged in the Petition. Doc. 1-2. And it asserted that removal was proper under 28 U.S.C. §§ 1346(b)(1), 1441(a), 1446(a), 2679(d)(2), and 42 U.S.C. § 233(a) and (c). *Id.* at 1.

This matter comes before the court on defendant's Motion to Dismiss (Doc. 5). Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because, defendant contends, plaintiff failed to exhaust administrative remedies before filing suit.

1

Plaintiff has filed a response (Doc. 7), opposing defendant's motion and asking the court to remand the case to the District Court of Geary County so that he may proceed against Dr. Shauberger personally, not the United States.[1]  Defendant has submitted a Reply (Doc. 8).  The matter thus is fully briefed, and the court is prepared to rule.  After considering the parties' arguments, the court grants defendant's Motion to Dismiss (Doc. 5).  The court explains why below.

## I.      Background

On August 15, 2015, plaintiff filed a Petition in Geary County, Kansas, against Dr. James Shauberger.  Doc. 1-1.  Plaintiff alleged that Dr. Shauberger, on August 7, 2014, touched him inappropriately while plaintiff was his patient.  *Id.* at 1–2.  Plaintiff asserted claims for sexual assault, battery, and outrage, and he sought damages in an amount exceeding $75,000.  *Id.*

Plaintiff also filed an administrative claim with the United States Army on a Standard Form 95 on August 15, 2015.  Doc. 6-1.  This claim also alleged that Dr. Shauberger, on August 7, 2014, inappropriately touched plaintiff while performing a physical at a Fort Riley hospital.  *Id.* at 1.  The claim asserted that Dr. Shauberger's inappropriate touching constituted an assault and battery.  *Id.*  The claim also asserted that the Army was negligent because it allowed Dr. Shauberger to treat patients although it "knew or should have known of his propensities."  *Id.*

On December 8, 2015, the government removed the lawsuit from Geary County to this court.  Doc. 1.  With the Notice of Removal, the government submitted a Certification signed by United States Attorney Barry R. Grissom on November 23, 2015.  Doc. 1-2.  In it, the United States Attorney certified, under 28 U.S.C. § 2679(d)(2), that defendant James Shauberger was

---

[1]      Although plaintiff requests remand, he has not filed a formal motion for remand.  The time for filing a motion for remand "on the basis of any defect other than lack of subject matter jurisdiction" has expired.  *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

acting within the scope of his employment with the United States at the time of the conduct alleged in the Petition.  Doc. 1-2.  Then, on November 15, 2015, the government filed a Notice of Substitution (Doc. 3), explaining that, upon the United States Attorney's certification, the United States was substituted as defendant in place of Dr. Shauberger by operation of 28 U.S.C. § 2679(d)(1) and (2).  Doc. 3 at 2.

The government now moves to dismiss the case under Fed. R. Civ. P. 12(b)(1) because, it contends, the court lacks subject matter jurisdiction.  It asserts that plaintiff has failed to exhaust his administrative remedies, and the doctrine of sovereign immunity thus bars his claims.

## II.     Legal Standard for Motions to Dismiss for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction."  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted).  Federal district courts have original jurisdiction over all civil actions arising under the constitution, laws, or treaties of the United States or where diversity of citizenship exists.  28 U.S.C. § 1331; 28 U.S.C. § 1332.  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted).  Since federal courts are courts of limited jurisdiction, a presumption against jurisdiction exists.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The party invoking federal jurisdiction bears the burden to prove it exists.  *Id.*

Generally, a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) takes one of two forms:  a facial attack or a factual attack.  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial

attack on the complaint, a district court must accept the allegations in the complaint as true." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003 (citing *Ohio Nat'l Life Ins. Co.*, 922 F.3d at 325).

"A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)" without converting the motion to dismiss to a motion for summary judgment. *Id.* (citations omitted); *see also Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324–25 (10th Cir. 2002) (holding that a court must convert a motion to dismiss to a motion for summary judgment under Fed. R. Civ. P. 56 only when the jurisdictional question is intertwined with the merits of the case, but concluding that exhaustion of Title VII administrative remedies is a jurisdictional issue, not an aspect of the substantive claim of discrimination, and thus does not require conversion to a summary judgment motion).

### III.   Analysis

#### A.  The Westfall Act Prohibits Remand.

Under the Westfall Act, federal employees acting within the scope of their employment enjoy "absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)). The Act authorizes the Attorney General to certify that a federal employee, sued for wrongful or negligent conduct, "'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Id.* at 229–30 (quoting § 2679(d)(1), (2)).

4

"Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee." *Id.* at 230. Afterwards, the Federal Tort Claims Act ("FTCA") governs the litigation. *Id.*

If a plaintiff commences an action in state court, the Westfall Act mandates removal of the case to federal court upon the Attorney General's certification. 28 U.S.C. § 2679(d)(2). The Attorney General's "certification remains 'conclusiv[e] . . . for purposes of removal.'" *Osborn*, 549 U.S. at 230 (quoting § 2679(d)(2)). The Supreme Court has determined that Congress, by enacting the Westfall Act, "gave district courts no authority to return cases to state courts" after the Attorney General issues a certification. *Id.* at 894. Instead, "§ 2679(d)(2) renders the Attorney General's certification dispositive" "[f]or purposes of establishing a forum to adjudicate the case." *Id.*; *see also id.* at 896 ("Tailor-made for Westfall Act cases, § 2679(d)(2) is a forum-selecting rule Congress made 'conclusive,' beyond the ken of district courts to revise." (citation omitted)); *Harrison v. United States*, 287 F. App'x 725, 727 (10th Cir. 2008) (affirming district court's denial of a motion to remand "because it was powerless to do so" under § 2679(d)(2)).

Thus, § 2679(d)(2) prohibits this court from remanding the case to Geary County, Kansas. Although plaintiff asks for a remand in his Response, the court lacks any authority to do so. So, the court denies plaintiff's request for remand.

**B. Plaintiff Fails to Carry His Burden to Show that the United States Attorney's Certification and Substitution of the United States as a Defendant Was Improper.**

While § 2679(d)(2) prohibits plaintiff from seeking remand, plaintiff still may challenge the scope of the Attorney General's certification and the substitution of the United States as a defendant. *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995) (holding that the

Attorney General's "scope-of-employment certification is reviewable in court"). The certification, "although subject to de novo review, is prima facie evidence that an employee's challenged conduct was within the scope of his employment." *Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir. 1995). But plaintiff may rebut the scope-of-employment certification with specific facts. *Id.* (citations omitted). Plaintiff bears the burden to show that the certification was erroneous under the specific facts. *Id.*

Under the Westfall Act, "'scope of employment' is defined by the *respondeat superior* law of the state where the incident occurred." *Id.* (citing *Nichols v. United States*, 796 F.2d 361, 365 n.4 (10th Cir. 1986)); *see also Martinez v. Shinseki*, No. 09-1313-WEB, 2010 WL 2400927, at *1 (D. Kan. June 11, 2010). "Courts consider the scope of employment issue de novo based on the state law of the place where the employment relationship exists." *Martinez*, 2010 WL 2400927, at *1 (citing *Harbury v. Hayden*, 522 F.3d 413, 417 (D.C. Cir. 2008)). "Most states apply the scope of employment test very broadly, so as to allow a plaintiff to recover from a financially secure entity instead of a financially unsecure individual." *Id.* (citing Restatement (Third) of Agency § 2.04 cmt. B (2006)).

In Kansas, an employee acts "within the scope of the employment if the employee is performing services for which the employee has been employed or is doing anything reasonably incidental to the employment." *Commerce Bank of St. Joseph, N.A. v. State*, 833 P.2d 996, 999 (Kan. 1992) (citing Pattern Instructions for Kansas, PIK Civ. 2d 7.04). "The test is not necessarily whether the specific conduct was expressly authorized or forbidden by the employer, but whether such conduct should have been fairly foreseen from the nature of the employment and the duties relating to it." *Id.*

6

In this case, the United States Attorney's certification is prima facie evidence that Dr. Shauberger was acting within the scope of his employment. *See Harrison*, 287 F. App'x at 727 (citing *Richman*, 48 F.3d at 1145). Plaintiff "bears the burden of overcoming the presumption this prima facie evidence creates." *Id.* Plaintiff's Response states that, even though defendant was a member of the Army at the time of the events alleged in the Petition, his actions fell outside the scope of his employment. Plaintiff challenges the United States Attorney's certification to the contrary and asks for a hearing to determine the certification's propriety. But plaintiff provides no facts to support his conclusory assertion that Dr. Shauberger was acting outside the scope of his employment.

Such conclusory allegations, without more, fail to rebut the presumption created by the Certification. *See Richman*, 48 F.3d at 1145 (holding that "[b]ecause [plaintiff] failed to allege facts sufficient to undermine the correctness of the scope-of-employment certification of the individual defendants, the substitution of the United States as sole defendant in [plaintiff's case] was proper."); *see also Harrison*, 287 F. App'x at 727 (holding that plaintiff's conclusory argument that a federal employee acted outside the scope of his employment because his actions were malicious, willful, and wonton were insufficient to rebut the presumption created by the Attorney General's certification). And, having presented no specific facts to raise a dispute about the Certification, plaintiff is not entitled to a hearing on this issue. *See Wuterich v. Murtha*, 562 F.3d 375, 381 (D.C. Cir. 2009) (explaining that "[n]ot every complaint will warrant further inquiry into the scope-of-employment issue" if "plaintiff fails to allege sufficient facts to rebut the certification" (citations and internal quotation marks omitted)); *cf. Fowler v. United States*, 647 F.3d 1232, 1241 (10th Cir. 2011) (explaining that, "if there are disputed issues of

fact," a district court should hold hearings to decide the scope of employment question (citing *Arthur v. United States*, 45 F.3d 292, 296 (9th Cir. 1995))).

Here, the facts that plaintiff, himself, alleged in his Petition and Standard Form 95 support the United States Attorney's Certification. Plaintiff asserts that Dr. Shauberger treated plaintiff as a patient, performed a physical on him, and touched him inappropriately during that physical examination. Doc. 1-1 at 1–2; Doc. 6-1 at 1. He also asserted in his Standard Form 95 that the Army was negligent because it allowed Dr. Shauberger to treat patients although it "knew or should have known of his propensities." Doc. 6-1 at 1. Thus, plaintiff alleges that Dr. Shauberger was "performing services for which the employee has been employed," and that "such conduct should have been fairly foreseen from the nature of the employment and the duties relating to it." *Commerce Bank of St. Joseph, N.A.*, 833 P.2d at 999; *see also Martinez*, 2010 WL 2400927, at *1 (holding that plaintiff's allegations that federal employees willfully concealed and misrepresented material facts during an investigation occurred within the scope of their employment).

On the record presented here, plaintiff has failed to rebut the presumption created by the United States Attorney's Certification that Dr. Shauberger was acting within the scope of his employment when the conduct allegedly occurred. Thus, substitution of the United States as the party defendant is proper.

### C. Plaintiff Has Failed To Exhaust Administrative Remedies, and the Court Thus Lacks Subject Matter Jurisdiction.

Because the United States Attorney has certified that Dr. Shauberger was acting within the scope of his employment at the time of the conduct alleged in the Petition and the United States is substituted as a defendant, the FTCA now governs the action. *Osborn*, 549 U.S. at 230. The FTCA confers absolute immunity for federal government employees "by making an FTCA

action against the Government the exclusive remedy for torts committed by Government employees in the scope of their employment." *United States v. Smith*, 499 U.S. 160, 163 (1991).

The FTCA provides a limited waiver of the government's sovereign immunity. *Lopez v. United States*, __ F.3d __, 2016 WL 2957156, at *5 (10th Cir. May 23, 2016) (quoting *United States v. Orleans*, 425 U.S. 807, 813 (1976)). "This unequivocal waiver of immunity must be construed narrowly and the limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Id.* (citations and internal quotation marks omitted).

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). It provides, in pertinent part:

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). The exhaustion requirement is "'jurisdictional and cannot be waived.'" *Lopez*, 2016 WL 2957156, at *6 (quoting *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991)). "'In other words, the FTCA bars would-be tort plaintiffs from bringing suit against the government unless the claimant has previously submitted a claim for damages to the offending agency, because Congress wants agencies to have an opportunity to settle disputes before defending against litigation in court.'" *Id.* (quoting *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014) (citing *McNeil*, 508 U.S. at 112 & n.7)).

Here, no dispute exists.  Plaintiff submitted an administrative tort claim with the United States Army on August 15, 2015—the same day that he filed this lawsuit in Geary County, Kansas.  He thus filed the lawsuit before the Army formally denied his claim and before the six-month period for agency investigation provided by § 2675(a) expired.  Consequently, the record is clear that plaintiff filed his Petition before he had exhausted his administrative remedies.

Plaintiff asserts that his Petition did not invoke the FTCA.  Instead, he argues, the Petition specifically named Dr. Shauberger as defendant, not the United States, and asserted intentional tort claims against him under state law.  Plaintiff argues that his Petition did not allege even that Dr. Shauberger was an employee of the federal government, much less that he was acting within the scope of his employment with the federal government when the conduct alleged in the Petition occurred.  But the United States Attorney has certified that Dr. Shauberger was acting within the scope of his federal employment thereby substituting the United States as the party defendant and causing the FTCA to govern the lawsuit.  Plaintiff cannot avoid the Westfall Act even though his Petition did not invoke the FTCA explicitly.  *See Taylor v. Clark*, 821 F. Supp. 2d 370, 374 (D.D.C. 2011) (rejecting plaintiff's argument that her lawsuit did not invoke the FTCA and thus the necessary administrative remedies of the FTCA did not apply "because . . . [the] suit has been converted to an FTCA action against the United States as a consequence of the United States's Westfall Act certification, and so the 'FTCA's requirements, exceptions, and defenses apply to the suit.'" (quoting *Harbury*, 522 F.3d at 416)).

Because plaintiff filed this lawsuit before exhausting administrative remedies, the court must dismiss this action for lack of subject matter jurisdiction.  *See*, *e.g.*, *Lopez*, 2016 WL 2957156, at *6 (holding that no subject matter jurisdiction existed over one of plaintiff's claims because his administrative claim did not exhaust that claim); *see also D'Addabbo v. United*

*States*, 316 F. App'x 722, 724–25 (10th Cir. 2008), *cert. denied*, 556 U.S. 1138 (2009) (affirming district court's dismissal of plaintiff's tort claims against the government because he had not exhausted his administrative remedies which is a prerequisite to suit).  The court, accordingly, dismisses this case without prejudice because no subject matter jurisdiction exists.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (stating that "dismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims." (citations omitted)).

**IV.    Conclusion**

For the reasons explained above, the court concludes that no subject matter jurisdiction exists over plaintiff's lawsuit because he has failed to exhaust his administrative remedies before filing suit.  The court thus grants defendant's Motion to Dismiss and dismisses this action without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss (Doc. 5) is granted.

**IT IS SO ORDERED.**

**Dated this 15th day of July, 2016, at Topeka, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**

11